```
*2008R26457   3*
```
**2008R26457**
RECORDED ON
10/15/2008        01:04:57PM
CHAMPAIGN COUNTY
RECORDER
BARBARA A. FRASCA
REC FEE:  25.00
RHSPS Fee:
REV FEE:
PAGES    3
PlAT ACT:    0
PlAT PAGE:

## SUBORDINATE MORTGAGE

On this 14rd day of October, 2008, the Mortgagor promises and agrees as follows:

Mortgagor:    **Lori L. Izard**
**1523 Fairway Drive**
**Rantoul, IL 61866**

Mortgagee:    **The County of Champaign, Illinois**
**1776 E. Washington**
**Urbana, IL 61803**

1.    The Mortgagor hereby mortgages to the Mortgagee the Property described in this Mortgage. Mortgagor can lose the property for failure to keep the promises in this Mortgage.

2.    This Mortgage is made to secure a Debt of the Mortgagor to Mortgagee in accordance with a note or agreement in the initial amount of Twenty Thousand Dollars ($20,000.00).

3.    The Property mortgaged (the "Property") is:

**Lot 1316B in Golfview Greens I Subdivision, as per plat recorded in Plat Book "CC" at page 87, situated in the Village of Rantoul, in Champaign County, Illinois.**

**PIN# 20-09-01-302-032**

**Commonly known as:  1523 Fairway Drive, Rantoul, Illinois.**

4.    Mortgagor will pay the Debt as promised in the Agreement or Note according to its terms.

5.    Mortgagor will keep the buildings on the Property insured against loss by fire and other risks included in the standard from of extended coverage insurance. The amount shall be approved by the Mortgagee but shall not exceed full replacement value of the buildings. The policies shall contain the standard Illinois Mortgage clause in the name of the Mortgagee. If Mortgagor fails to keep the buildings insured Mortgagee may obtain the insurance.

6.    The Mortgagor will keep the property in reasonably good repair.

7. The Mortgagor may not, without the consent of the Mortgagee, (a) alter, demolish or remove the buildings and improvements on the Property, or (b) sell the Property or any part of it.

8. Mortgagor will pay all taxes, assessments, sewer rents or water rates within 30 days after they are due. Mortgagee shall pay all homeowner association assessments, fees or dues.

9. Mortgagor authorizes Mortgagee to make payments necessary to correct a default or Mortgagor under Paragraphs 5 and 8 of this Mortgage. Payments made by Mortgagee together with interest at the rate provided in the Agreement or Note from the date paid until the date of repayment shall be added to the Debt and secured by this Mortgage. Mortgagor shall repay Mortgagee with interest within 10 days after demand.

10. Within five days after request in person or within ten days after request by mail, Mortgagor shall give to Mortgagee a signed statement of the amount due on this Mortgage and whether there are any offsets or defense against the Debt.

11. Mortgagee may declare the full amount of the Debt to be due and payable immediately for any default.

The following are defaults:

(a) Mortgagor fails to make any payment required by the Agreement or Note and Mortgage within 15 days of the date it is due;

(b) Mortgagor fails to keep any other promise or agreement in this Mortgage within the time set forth, or if no time is set forth, within a reasonable time after notice is given that Mortgagor is in Default.

12. If Mortgagee sues to foreclose the Mortgage, Mortgagee shall have the right to have a receiver appointed to take control of the Property.

13. If there is a Default under the Mortgage, Mortgagor must pay monthly in advance to Mortgagee, or to a receiver who may be appointed to take control of the Property, the fair rental value for the sue and occupancy of the part of the Property that is in the possession of the Mortgagor. If Mortgagor does not pay the rent when due, Mortgage will vacate and surrender the Property to Mortgagee or to the receiver. Mortgagor may be evicted by other court proceedings.

14. Mortgagee shall have all the rights set forth in the applicable Illinois law.

15. This Mortgage is subject and subordinate to: **The existing mortgage to the United States of America, acting through the Rural Housing Service or successor agency, United States Department of Agriculture, dated March 24, 2008 and recorded March 24, 2008 as Document No. 2008R06895.**

16. Notices, demands or requests may be in writing and may be delivered in person or sent by mail at the address noted above.

17. This Mortgage may not be changed or ended orally, but any modifications shall be in writing.

18. If there is more than one Mortgagor, each shall be separately liable. The words "Mortgagor" and "Mortgagee" shall include their heirs, executors, administrators, successors and assigns. If there are more than one Mortgagor or Mortgagee the words "Mortgagor" and "Mortgagee" used in this Mortgage includes them.

The Mortgagor has signed this Mortgage as of the date at the top of the first page.

_____
Mortgagor/Lori L. Izard

STATE OF ILLINOIS    )
                     ) SS.
COUNTY OF CHAMPAIGN)

I, the undersigned, a Notary Public in and for the County and State aforesaid, do hereby certify that **LORI L. IZARD** personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that she signed, sealed and delivered said instrument as her free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and official seal this _____ day of October, 2008.

_____
Notary Public

OFFICIAL SEAL
CARI A RITCHIE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/25/11

Prepared by:
Blake Weaver
NOVAK WEAVER SOLBERG
130 W. Main
Urbana, IL 61801
(217) 384-0000

Return to:
Blake Weaver
NOVAK WEAVER SOLBERG
130 W. Main
Urbana, IL 61801
(217) 384-0000