

PRESORTED
FIRST CLASS

2015 MAR -5 AM 11: 17

FILED

U.S. Bankruptcy Court
201 S. Vine Street #203
Urbana, IL 61801

Katie M. Blakeman



Lori Izard-Torres
1523 Fairway Dr
Rantoul, IL 61866



Circuit Clerk

Champaign County Regional Planning Commission
1776 E Washington Street
Urbana, IL 61802

RECEIVED
FEB 2 5 2015
BY:

These documents were sent to the Circuit Clerk's Office by mistake

United States Bankruptcy Court

Central District of Illinois

| | |
|---|---|
| In re: Lori Izard Torres ) | |
|     Debtor ) | Case No. 11-91806 |
| ) | |
| Address: 1523 Fairway Dr ) | |
|     Rantoul, IL 61866 ) | |
| ) | Chapter 7 |
| Last Four Social Security: 1946 ) | |

### Debtor's Motion to Reopen Case

The debtor requests that the above captioned case be reopened pursuant to 11 U.S.C. 3350(b) in order to accord relief to the Debtor and have assets administered.

1. The Debtor filed bankruptcy pursuant to chapter 7 Bankruptcy on September 30, 2011 and received a discharge pursuant to 11 U.S.C. 727 on February 3, 2012.

2. The debtor reopened bankruptcy on February 14, 2014 to file a Motion to Void Liens and to discharge student loans. The Motion to Void Liens was granted on March 6, 2014. The student loans were discharged on September 26, 2014.

3. In the meeting with the Trustee, Kristin Wilson, Ms. Wilson questioned the whereabouts of a 2003 Ford Taurus registered in the debtor's name. Ms. Wilson was informed that this vehicle was repossessed by Illinois Assistive Technology Program (AKA Illinois Tech Connect) and sold by Illinois Assistive Technology Program. According to the Trustee's NDR, the location of property belonging to the estate was found. Ms. Wilson state "no property available for distribution from the estate over and above that exempted by the law.

4. The 2003 Ford Taurus had been repossessed by Illinois Assistive Technology Program (AKA Illinois Tech Connect) using Security Bank's documentation on or about March 25, 2010. Illinois Assistive Technology Program (AKA Illinois Tech Connect) sold the vehicle on or about March 29, 2010. The repossession is not required to include in bankruptcy if it is prior to one year of commencement of filing of bankruptcy. Filing date was September 30, 2011

5. The Calculation of Deficiency was included in Schedule F under Miscellaneous Purchase on September 30, 2011 from Illinois Tech Connect. This amount was for $11,782.00. This loan was a vehicle loan that was incorporated without consent into a business loan for the purpose of acquiring office equipment.

6. The 2003 Ford Taurus was not included in Schedule B.

7. Security Bank claims to be the lender without the debtor applying for a loan nor being approved/denied a loan. Illinois Assistive Technology Program (AKA Illinois Tech Connect) claims to be the guarantor but advertised, accepted application and approved the loans. Illinois Assistive Technology Program (AKA Illinois Tech Connect) was not a licensed lender at the time of the two loans in the State of Illinois.

8. The Judgment from Illinois Assistive Technology (AKA Illinois Tech Connect) is for the collateral that was transferred to them from Security Bank to be sold by Illinois Assistive Technology Program (AKA Illinois Tech Connect). The documentation was signed by debtor in a contract knavery situation.

9. Debtor requests the 2003 Ford Taurus be included in Schedule B and C. The debtor requests the Wrongful Repossession of 2003 Taurus be included for both Security Bank and Illinois Assistive Technology Program (AKA Illinois Tech Connect) in Schedule B and C.

10. The debtor requests that Security Bank be included in Schedule F.

""I have read the foregoing amendments consisting of 2 pages and certify under penalty of perjury that it is true and correct to the best of my knowledge, information and belief."

Signature _____ /Debtor

Date  2/24/15

In re __Lori Izard Torres_____,  Case No. __11-91806__
        Debtor                                                (If known)

# SCHEDULE B - PERSONAL PROPERTY    AMENDED

    Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

    **Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |

In re  Lori Izard Torres                       ,           Case No.  11-91806
       Debtor                                                        (If known)

## SCHEDULE B - PERSONAL PROPERTY   AMENDED
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A -- Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Wrongful Repossession of 2003 Ford Taurus- Illinois Assistive Technology Program Wrongful Reposession of 2003 Ford Taurus- Security Bank of Springfield. | | 80,200.00 |

In re  Lori Izard Torres                         ,   Case No.  11-91806
        Debtor                                              (If known)

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)    AMENDED

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | x | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | x | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | x | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2003 Ford Taurus-Repossessed and Sold by Illinois Assistive Technology Program | | 5,000.00 |
| 26. Boats, motors, and accessories. | x | | | |
| 27. Aircraft and accessories. | x | | | |
| 28. Office equipment, furnishings, and supplies. | x | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | x | | | |
| 30. Inventory. | x | | | |
| 31. Animals. | x | | | |
| 32. Crops - growing or harvested. Give particulars. | x | | | |
| 33. Farming equipment and implements. | x | | | |
| 34. Farm supplies, chemicals, and feed. | x | | | |
| 35. Other personal property of any kind not already listed. Itemize. | x | | | |

_____ continuation sheets attached   Total▶ | $ | 85,200.00

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

## SCHEDULE B AMENDED

21. **Illinois Assistive Technology Program (IATP)**
    **AKA Illinois Tech Connect**

    **Wrongful Repossession of 2003 Ford Taurus**  Lawsuit IATP  $ 5,000

    A. Violation of Illinois Law: 625 ILCS 5/3-114(f-7)(1-4) Illinois Redemption

    B. Violation of Illinois Law: 810 ILCS 5/9-623(C)(2) Illinois Commercial Code

    C. Violation of Illinois Law: 625 ILCS 5/3-114(f-5)(1) Certificate of Title

    D. Violation of Illinois Law: 626 ILCS 5/3-114(f-5)(2) Transfer of Title

    E. Violation of Illinois Law: 810 ILCS 5/9-203 No Binding Agreement

    F. Violation of Illinois Law: 810 ILCS 5/9-609, 625 UCC Rights and Remedies

    G. Under any circumstances above in conversion will also constitute a violation of 810 ILCS 5/9-609 or 9-609

    1. Violation of 735 ILCS 5/
       **Loss of Earning Capacity**  Lawsuit IATP  $ 8,100

    2. Violation of 815ILCS 510 ½ (Ch 121 ½ par. 312)  Lawsuit IATP  $ 2,000
       **Uniform Deceptive Trade Practices Act**

    3. Violation of 815 ILCS 505/2  Lawsuit IATP  $15,000
       **Consumer Fraud and Deceptive Business Practices**

    4. **Willful Negligence and Willful Misconduct**  Lawsuit IATP  $ 2,000

    5. **Predatory Lending**  Lawsuit IATP  $ 2,000

    6. Violation of 720 ILCS 5/17-56  Lawsuit IATP  $ 2,000
       **Financial Exploitation of an elderly
       person or person with a disability**

    7. Violation of 760 ILCS 65/0.01
       **Breach of Trust**  Lawsuit IATP  $ 2,000

8. Violation of SSR79-4 Sec 207, 452(b), 459,
   (462)-USC 407, 652(b), 659, 662 (f)
   **Social Security Levy and Garnishment of Benefits**          Lawsuit IATP    $ 2,000

   Total                                                                          $ 40,100

""I have read the foregoing amendments consisting of 2 pages and certify under penalty of perjury that it is true and correct to the best of my knowledge, information and belief."

Signature _____
                                    Debtor

Date  2/24/15

## SCHEDULE B AMENDED

21. **Security Bank of Springfield**

    **Wrongful Repossession of 2003 Ford Taurus**　　　　　　　　Lawsuit SB　　$ 5,000

    A. Violation of Illinois Law: 625 ILCS 5/3-114(f-7)(1-4) Illinois Redemption

    B. Violation of Illinois Law: 810 ILCS 5/9-623(C)(2) Illinois Commercial Code

    C. Violation of Illinois Law: 625 ILCS 5/3-114(f-5)(1) Certificate of Title

    D. Violation of Illinois Law: 626 ILCS 5/3-114(f-5)(2) Transfer of Title

    E. Violation of Illinois Law: 810 ILCS 5/9-203 No Binding Agreement

    F. Violation of Illinois Law: 810 ILCS 5/9-609, 625 UCC Rights and Remedies

    G. Under any circumstances above in conversion will also constitute a violation of 810 ILCS 5/9-609 or 9-609

    1. Violation of 735 ILCS 5/
       **Loss of Earning Capacity**　　　　　　　　　　　　　　　　Lawsuit SB　　$ 8,100

    2. Violation of 815ILCS 510 ½ (Ch 121 ½ par. 312)　　　　　Lawsuit SB　　$ 2,000
       **Uniform Deceptive Trade Practices Act**

    3. Violation of 815 ILCS 505/2　　　　　　　　　　　　　　　Lawsuit SB　　$15,000
       **Consumer Fraud and Deceptive Business Practices**

    4. **Willful Negligence and Willful Misconduct**　　　　　　　　Lawsuit SB　　$ 2,000

    5. **Predatory Lending**　　　　　　　　　　　　　　　　　　　Lawsuit SB　　$ 2,000

    6. Violation of 720 ILCS 5/17-56　　　　　　　　　　　　　　Lawsuit SB　　$ 2,000
       **Financial Exploitation of an elderly
       person or person with a disability**

    7. Violation of 760 ILCS 65/0.01
       **Breach of Trust**　　　　　　　　　　　　　　　　　　　　Lawsuit SB　　$ 2,000

8. Violation of SSR79-4 Sec 207, 452(b), 459,
(462)-USC 407, 652(b), 659, 662 (f)
**Social Security Levy and Garnishment of Benefits**　　　Lawsuit SB　　$ 2,000

Total　　$ 40,100

""I have read the foregoing amendments consisting of 2 pages and certify under penalty of perjury that it is true and correct to the best of my knowledge, information and belief."

Signature _[signature]_ Debtor

Date 3/54/15

In re Lori Torre,
_____
     Debtor

Case No. 11-91806
_____
   (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT   Amended

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $155,675.*

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| 2003 Ford Taurus | Illinois Assistive Technology Program- Security Bank of Springfield | 5,000.00 | 5,000.00 |
| Wrongful Repossession of 2003 Ford Taurus Law Suit | | 40,100.00 | 40,100.00 |
| Wrongful Repossession of 2003 Ford Taurus Law Suit | | 40,100.00 | 40,100.00 |

* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

In re  Lori Izard Torres                    ,   Case No. 11-91806
           Debtor                                      (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS Amende

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 4200795xxx<br><br>Security Bank of Springfield<br>510 E Monroe<br>Springfield, IL 62701<br>(217) 789-3500 | | | 10/08/2008<br>Automobile Loan<br>Last Activity 1/31/2010 | | | | 11,782.00 |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| | | | | | | Subtotal▶ | $ 11,782.00 |
| ____ continuation sheets attached | | | Total▶<br>(Use only on last page of the completed Schedule F.)<br>(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | | | $ 11,782.00 |