# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re:  Lori Torres | ) | Chapter 7 |
| | ) | |
| Debtor | ) | Case No. 11-91806 |

## OBJECTION TO DEBTOR'S MOTION
## TO PROCEED IN SMALL CLAIMS COURT

NOW COMES Creditor, ILLINOIS ASSISTIVE TECHNOLOGY PROGRAM, by and through its attorneys, Giffin, Winning, Cohen & Bodewes, P.C., and objects to the Debtor's Motion to Proceed in Small Claims Court (Doc. #77) filed April 13, 2015, on the following grounds:

1. Debtor is seeking the permission of this Court to proceed in a state court action alleging damages for several causes of action against the Illinois Assistive Technology Program. The debtor failed to disclose these causes of action in her original bankruptcy petition and again failed to disclose them when this case was re-opened for the first time.

   a. Debtor's original bankruptcy petition was filed on September 30, 2011 and the case was closed on February 3, 2012.

   b. Debtor re-opened her bankruptcy on March 6, 2014 and the case was again closed on October 14, 2014.

   c. At no time prior to the filing of the Amended Schedules on February 24, 2015, did debtor disclose her potential causes of action against the Illinois Assistive Technology Program.

    2.    Debtor knew or should have known of her potential causes of action against the Illinois Assistive Technology Program prior to her original bankruptcy filing and prior to the re-opening of the case.

    a.    Debtor's potential causes of action stem from the alleged wrongful repossession of a vehicle which occurred on March 29, 2010, more than a year before her bankruptcy petition was filed. Debtor knew or should have known of these potential causes of action at the time she filed for bankruptcy; however, debtor failed to disclose the potential causes.

    b.    Debtor filed a complaint against the Illinois Assistive Technology Program on April 28, 2014, in the Circuit Court of Champaign County alleging seven separate causes of action stemming from an alleged wrongful repossession. Such complaint was filed while the Debtor's bankruptcy was open; however, Debtor still failed to disclose the existence of the potential causes.

    3.    Debtor moved to re-open this case for a second time after her complaint against the Illinois Assistive Technology Program was dismissed in the Circuit Court of Champaign County because that court ruled she lacked standing as her claims had not been disclosed in her bankruptcy proceedings. Debtor filed Amended Schedules B and C to disclose her wrongful repossession claim against Illinois Assistive Technology Program on February 24, 2015 and this case was re-opened on March 11, 2015.

    4.    Debtor received a discharge in bankruptcy and should now be estopped and barred from pursuing her claim of wrongful repossession in state court because she failed to disclose the asset in her bankruptcy. Debtor should not be permitted to deny the existence of an asset and then later realize a gain on that asset after the bankruptcy ends. <u>Biseck v. Soo Line</u>

R.R., 440 F.3d 410 (7th Cir. 2006); Cannon-Stokes v. Potter, 453 F.3d 446 (7th Cir. 2006); Spaine v. Cmty. Contracts, Inc., 746 F.3d 542 (7th Cir. 2014); Metrou v. M.A. Mortenson Co., 781 F. 3d 357 (7th Cir. 2015).

WHEREFORE, ILLINOIS ASSISTIVE TECHNOLOGY PROGRAM, prays that this Court deny Debtor's Motion to Proceed in Small Claims Court and for all other such relief as this Court deems just and equitable.

>Respectfully submitted,
>
>**ILLINOIS ASSISTIVE TECHNOLOGY PROGRAM**
>
>By: */s/ Steven A. Milburn*
>      One of its Attorneys

Steven A. Milburn
smilburn@giffinwinning.com
Registration No. 6313494
GIFFIN, WINNING, COHEN & BODEWES, P.C.
One West Old State Capitol Plaza
Suite 600, Myers Building
P.O. Box 2117
Springfield, IL  62705
Telephone: (217) 525-1571
Fax: (217) 525-1710

## CERTIFICATE OF SERVICE

  I hereby certify that on May 8, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **David DeThorne**    ddethorne@co.champaign.il.us
- **David H Hoff**    staci.klayer@usdoj.gov
- **Steven Anthony Milburn**    smilburn@giffinwinning.com
- **Roger L Prillaman**    rlprillama@aol.com, lori.prillamanandmoore@gmail.com
- **Timothy E Ruppel**    tim.ruppel@usdoj.gov, timmy.ruppel@gmail.com
- **U.S. Trustee**    USTPRegion10.PE.ECF@usdoj.gov
- **Kristin Wilson**    klwilson111@gmail.com, klw@trustesolutions.com;KLW@trustesolutions.net;cshort345@gmail.com;klw@trustesolutions.net

and I hereby certify that I have mailed the document by United States Postal Service to the following non-CM/ECF participants:

**FIFTH THIRD BANK**
P O Box 829009
Dallas, TX 75382

**Lori Torres**
1523 Fairway Drive
Rantoul, IL 61866

**Rural Housing USDA**
Centralized Servicing Center
PO Box 66879
St. Louis, MO 63166

               /s/ *Steven A. Milburn*

Steven A. Milburn
smilburn@giffinwinning.com
Registration No. 6313494
GIFFIN, WINNING, COHEN & BODEWES, P.C.
One West Old State Capitol Plaza
Suite 600, Myers Building
P.O. Box 2117
Springfield, IL  62705
Telephone: (217) 525-1571
Fax: (217) 525-1710